**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, | Case No. 20-12522 (JTD) |
| Reorganized Debtor.[1] | |
| OPIOID MASTER DISBURSEMENT TRUST II, | |
| Plaintiff, | |
| v. | Adversary Proceeding |
| COVIDIEN UNLIMITED COMPANY (formerly known as Covidien Ltd. and Covidien plc), COVIDIEN GROUP HOLDINGS LTD. (formerly known as Covidien Ltd.), COVIDIEN INTERNATIONAL FINANCE S.A., COVIDIEN GROUP S.À R.L., and DOE DEFENDANTS 1-500, | No. 22-50433 (JTD) |
| Defendants. | |

**PLAINTIFF OPIOID MASTER DISBURSEMENT TRUST II'S THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

Plaintiff, the Opioid Master Disbursement Trust II ("Trust"), by and through its undersigned counsel, hereby propounds this second set of requests for production of documents ("Requests") to Defendants Covidien Unlimited Company (formerly known as Covidien Ltd. and Covidien plc), Covidien Group Holdings Ltd. (formerly known as Covidien Ltd.), Covidien International Finance S.A., and Covidien Group S.à r.l. (collectively, "Defendants"). In accordance with Federal Rule of Civil Procedure 34, made applicable to the above-captioned adversary proceeding ("**Action**") through Federal Rule of Bankruptcy Procedure 7034, the Trust

---

[1]    The "Reorganized Debtor" in the above-captioned chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court closed the chapter 11 cases of the Reorganized Debtor's debtor-affiliates (together with the Reorganized Debtor, "Debtors"). A complete list of the Debtors may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

hereby demands that Defendants provide written responses to these Requests and produce the documents, communications, and things described herein for discovery and inspection, in accordance with the instructions and definitions set forth below at the offices of Cole Schotz P.C., 500 Delaware Avenue Suite 600, Wilmington, Delaware 19801, Attn: Justin R. Alberto, within thirty (30) days from the date of service of these Requests.

The Trust is a statutory trust formed under the Modified Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt PLC and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code (D.I. 7670) ("Plan").  Under the Plan, the Trust received, among other assets, certain claims and causes of action of the Debtors, *see* Plan art. IV.W.6 at 97, including certain claims and causes of action against the Defendants.  *See* Plan art. I.A.56 at 7. The Trust was created on June 16, 2022.

The Trust is charged, *inter alia*, with investigating and prosecuting certain claims for the benefit of the Debtors' unsecured creditors, which include the many victims of the opioid crisis, including individuals who suffered bodily injuries, including addiction, overdose, other sickness and disease, and death, and babies born with neonatal abstinence syndrome, due to the opioid products that Mallinckrodt and its affiliates marketed and sold, as well as for the benefit of all States and territories, their political subdivisions, Native American tribes, hospitals, emergency room physicians, insurance ratepayers, and third-party payors, that hold claims against the Debtors based on their role in causing, perpetuating, and exacerbating the opioid crisis.  Many States, counties, other municipalities, and opioid victims are looking to the Trust to provide the much-needed funding that can abate the opioid scourge in communities across the country and to compensate victims.

### **DEFINITIONS**

If You do not understand the meaning of any term used herein, You should promptly seek clarification through the undersigned.  As used in the Requests, the terms listed below shall be defined as follows:

1.      The term "Adversary Proceeding" refers to the above-captioned adversary proceeding, Adv. Pro. No. 22-50433 (JTD).

2.      The term "Affiliate" or "Affiliates" means an "affiliate" (as defined in 11 U.S.C. § 101(2)), any direct or indirect parent company of any Defendant, or predecessors of such affiliates.

3.      The term "Amended Complaint" refers to the Amended Complaint filed in the Adversary Proceeding at Adv. D.I. 59, on February 8, 2024, or any amendments thereto.

4.      The term "Chapter 11 Cases" refers to the above-captioned chapter 11 cases, jointly administered under Case No. 20-12522.

5.      The term "Communication" or "Communications" means any transmittal of information, whether internal or external to any of the Defendants, and encompasses every medium of transmittal, including all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any of Your current or former Affiliates, representatives, or advisors.

6.      The term "Covidien" refers to any or all of Covidien Unlimited Company (formerly known as Covidien Ltd. and Covidien plc), Covidien Group Holdings Ltd. (formerly known as Covidien Ltd.), Covidien International Finance S.A., and Covidien Group S.à r.l., and their direct

or indirect subsidiaries, Affiliates, and predecessors or predecessors-in-interest, including the officers, directors, executives, agents, and representatives of the same.

7.      The term "Debtors" refers to Mallinckrodt plc and its affiliated debtors and debtors-in-possession identified in the jointly administered Chapter 11 Cases, and their predecessors and predecessors-in-interest, including the Debtors' professionals in the Chapter 11 Cases.

8.      The term "Document" or "Documents" mean all materials within the full scope of Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, including:  all writings and recordings, including the originals and all non-identical copies, and all drafts thereof, whether different from the original by reason of any notation made on such copies or otherwise (including e-mail and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice Communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings, printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing), graphic or aural representations of any kind (including photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical, or electronic records or representations of any kind (including computer files and programs, tapes, cassettes, discs, recordings, and metadata).  For the sake of clarity, Documents shall include Communications.

9.      The word "including" or "includes" means including without limitation.

10.     The term "Net Transfers to Parent" means the "net transfers to parent" line items listed in in the Form 8-K filed by Post-Spin Mallinckrodt dated June 28, 2013, attached hereto as

4

**Exhibit 1** at F-6 to F-7 and F-22 and the "net transfers to parent" line items in the Mallinckrodt Form 10-K for fiscal year ended September 27, 2013 attached hereto as **Exhibit 2** at 73 and 74.

11.     The term "Person" refers to any natural person or any legal entity, including any business or governmental entity or association.

12.     The term "Petition Date" refers to October 12, 2020.

13.     The term "Post-Spin Mallinckrodt" refers to: (i) the Debtors; (ii) all direct or indirect subsidiaries of Mallinckrodt plc; and (iii) all Affiliates of any of the Debtors, for the period after June 28, 2013.

14.     The term "Pre-Spin Covidien" refers to: (i) Defendants; (ii) all direct or indirect subsidiaries of Defendants; (iii) all Affiliates of any of the Defendants; (iv) any predecessor or predecessor-in-interest of Defendants; and (v) any successor or successor-in-interest of Defendants, for the period prior to June 28, 2013.  Pre-Spin Covidien includes those entities defined herein as Pre-Spin Mallinckrodt.

15.     The term "Pre-Spin Covidien Board" refers to the board of directors of Pre-Spin Covidien.

16.     The term "Pre-Spin Mallinckrodt" refers to those entities within, part of, or that comprised Pre-Spin Covidien, that developed, manufactured, or sold pharmaceutical products (including opioid products) and active pharmaceutical ingredients, for the period prior to June 28, 2013.

17.     The term "Project Jameson" refers to the planning and implementation of the Spinoff and the efforts or activities of the Pre-Spin Covidien Board and Pre-Spin Covidien's executive team to analyze and evaluate a sale and/or spinoff of Covidien's pharmaceuticals business.

18. The terms "regarding" or "concerning" mean evidences, supports, constitutes, contains, records, discusses, summarizes, analyzes, discloses, or refers to, in whole or in part.

19. The term "Spinoff" refers to the separation of Pre-Spin Mallinckrodt from Pre-Spin Covidien, which was completed on June 28, 2013.

20. The terms "You" and "Your" refer to each of the Defendants.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for purposes of these Requests, the following Instructions shall be followed:

1. These instructions incorporate by reference the requirements and duties of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

2. Unless otherwise specified, the relevant time period covered by these Requests is from June 29, 2007, through the Petition Date, and shall encompass all Documents and information relating or referring in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior to or after that date.

3. Unless otherwise indicated, the Documents requested to be produced herein include all Documents in Your possession, custody, or control or the possession, custody, or control of anyone acting on Your behalf. This includes Documents in the possession, custody, or control of each of Your counsel, representatives, agents, servants, employees, experts, investigators, or consultants and, unless otherwise privileged, their counsel, representatives, agents, servants, employees, experts, investigators, or consultants, wherever those Documents and materials are maintained.

6

4.      You must produce the original and all non-identical copies of Documents, including drafts and copies upon which notations or additional writings have been made.  A Document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy and copies of any document if there is no actual original or ribbon copy.  If You are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts.

5.      Documents not otherwise responsive to these Requests should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are responsive to these Requests; (b) if such Documents are attached to, enclosed with, or accompany Documents that are responsive to these Requests; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials that relate to Documents that are responsive to these Requests.

6.      Documents should be produced in the manner they are kept in the ordinary course of business.

7.      In accordance with applicable rules, where You assert a claim of privilege in objecting to a Request and withhold a responsive Document on this basis, You must provide a privilege log setting forth: (a) the nature of the privilege being claimed; (b) the type Document being withheld; (c) the general subject matter of the Document; (d) the date of the Document; (e) the identity and capacity of the author, sender, and addressee of the Document; (f) the identity and capacity of each person to whom the original or a copy of the Document was furnished; and (g) such other information sufficient to identify the Document, including, where appropriate, the title or subject line of the Document.

8.    If a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.

9.    If any requested Document or other Document potentially relevant to this Action is subject to destruction under any Document retention or destruction program, the Document(s) should be exempted from any scheduled destruction and should not be destroyed unless otherwise permitted by the Court.

10.    If Documents stored electronically have been "deleted" from a computer, but are still retrievable in some form, any such responsive Documents shall be retrieved and produced, either in hard copy or a readily readable electronically recorded form.

11.    Documents shall not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If You assert a privilege to part of the material contained in a Document, You must clearly indicate the portions as to which You claim the privilege.  When a Document has been redacted or altered in any fashion, You must provide a redaction log setting forth: (a) the nature of the privilege being claimed; (b) the type of Document being redacted if not otherwise apparent; (c) the general subject matter of the Document or information being redacted; (d) the date of the Document; (e) the identity and capacity of the

author, sender, and addressee of the Document; (f) the identity and capacity of each person to whom the original or a copy of the Document was furnished; (g) the Bates number of the Document; and (h) such other information sufficient to identify the Document, including, where appropriate, the title or subject line of the Document.  In accordance with applicable rules, where You assert a claim of privilege in objecting to a Request and withhold a responsive Document on this basis, You must provide a privilege log setting forth: (a) the nature of the privilege being claimed; (b) the type Document being withheld; (c) the general subject matter of the Document; (d) the date of the Document; (e) the identity and capacity of the author, sender, and addressee of the Document; (f) the identity and capacity of each person to whom the original or a copy of the Document was furnished; and (g) such other information sufficient to identify the Document, including, where appropriate, the title or subject line of the Document.

12.     These Requests are not intended to be duplicative including of any prior discovery requests.  All Requests should be responded to fully and to the extent not covered by other Requests.

13.     The singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all."  Any ambiguity in a discovery request shall be construed to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

14.     If an objection is made to any Request, state Your objection and the ground or grounds with particularity in Your written response.  Any ground not stated will be waived.  If an

objection is made only to part of the Request, identify that part in Your written response and state Your objection and the ground(s) therefore.

15. If the response to any Request consists, in whole or in part, of an objection based on/or including burden, then provide those documents that can be produced without undue burden. For such documents that are too burdensome to produce, describe the process or method required to obtain such documents, the quantity and location of the documents involved, and the estimated costs of the search.

16. These Requests are continuing, to the full extent required or permitted under the Bankruptcy Rules. If, after producing the requested Documents, You obtain or become aware of any further Documents responsive to this request, You are required to produce such additional Documents. Supplemental responses should be served within thirty (30) days after such information or documents become known to You or within such time period as required by any applicable scheduling order.

17. If any part of these Requests cannot be responded to in full, respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

18. The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests based on the knowledge or information that You possess at the time You respond to these Requests. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request, so state in Your response to that Request.

19. If the identity of Documents responsive to a Request is not known, then that lack of knowledge must be specifically indicated in writing. If any information requested is not in Your

possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

20.     By serving these Requests, the Trust expressly reserves all rights, does not waive any of its rights, and expressly reserves the right to modify or otherwise to supplement these Requests.

**REQUESTS FOR PRODUCTION**

1.      The January 1, 2010 Engagement Letter between Ernst & Young LLP ("EY LLP") and Tyco Healthcare Group LP (d/b/a Covidien) ("2010 Engagement Letter") referenced in **Exhibit 3** at COV-00000964.

2.      All statements of work associated with the 2010 Engagement Letter, including the Statement of Work dated March 15, 2012 ("2012 Statement of Work") referenced in Exhibit 3 at COV-00000964.

3.      All EY LLP deliverables (draft and final) under the 2010 Engagement Letter and the 2012 Statement of Work.

4.      All business plans, future performance estimates, and budgets provided to EY LLP in connection with the Valuation Report for Covidien plc dated June 21, 2013 at COV-00000963 attached as Exhibit 3.

5.      The strategic plan identified in the Valuation Report for Mallinckrodt Group S.a.r.l. dated June 21, 2013 at MNK-OP-Trust_02633780 and attached as **Exhibit 4** (at Exhibit C.5.b.2).

6.      All Documents relating to contingent liabilities provided by You to EY LLP.

7.      All Board of Directors presentations, analyses, discussions, and minutes that refer to, rely upon, or use, directly or indirectly, information from the EY LLP Valuation Reports for Covidien plc and Mallinckrodt Group S.a.r.l. dated June 21, 2013.

8.      All fiscal year end 2010, 2011, 2012 and 2013 U.S. tax returns for Covidien.

9.      All Documents that constitute, refer to, or relate to correspondence with the IRS regarding Project Jameson or the Spinoff, including all ruling request letters.

10.     All Documents that constitute, refer to, or relate to dividend restriction analyses performed or filed in conjunction with Project Jameson or the Spinoff.

11.    All general ledger transaction detail for the journal entries for Net Transfers to Parent.

12.    Monthly consolidating trial balances (in Excel) for December 31, 2009 to June 28, 2013 for all Covidien-owned entities that became Post-Spin Mallinckrodt.

13.    Documents sufficient to show the purpose or effect of, or procedure for, the individual transactions that comprise the Net Transfers to Parent.

Dated:  August 19, 2025
Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*

Justin R. Alberto, Esq (No. 5126)
Patrick J. Reilley, Esq. (No. 4451)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
jalberto@coleschotz.com
preilley@coleschotz.com

Anthony De Leo, Esq.
1325 Avenue of the Americas
19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
adeleo@coleschotz.com

- and -

**CAPLIN & DRYSDALE, CHARTERED**
Kevin C. Maclay, Esq. (admitted *pro hac vice*)
Todd E. Phillips, Esq. (admitted *pro hac vice*)
Jeffrey A. Liesemer, Esq. (admitted *pro hac vice*)
Quincy M. Crawford, III, Esq.
  (admitted *pro hac vice*)
Lucas H. Self, Esq. (admitted *pro hac vice*)
1200 New Hampshire Avenue NW, 8th Floor
Washington, D.C. 20036
Tel: (202) 862-5000
Fax: (202) 429-3301
kmaclay@capdale.com
tphillips@capdale.com
jliesemer@capdale.com
mcrawford@capdale.com
lself@capdale.com

*Co-Counsel to the Opioid*
*  Master Disbursement Trust II*

14