**CAPLIN & DRYSDALE**

1200 New Hampshire Avenue NW
8th Floor
Washington, DC 20036
Tel: 202.862.5000
Fax: 202.429.3301
caplindrysdale.com

202.862.5071  Direct
MCrawford@capdale.com

April 10, 2026

<u>**VIA ECF**</u>

The Honorable Brendan L. Shannon
United States Bankruptcy Court for the District of Delaware
824 N. Market St.
6th Floor, Courtroom 1
Wilmington, DE 19801

>Re:    *Opioid Master Disbursement Trust II v. Covidien Unlimited Co., et al.*, Adversary Proceeding No. 22-50433 (BLS) (Bankr. D. Del.)

Dear Judge Shannon:

On March 20, 2026, the Honorable Lawrence F. Stengel (ret.), appointed as mediator in this adversary proceeding, issued his Report and Recommendation Regarding Plaintiff's Requests for Production of Documents ("**Report**") [Adv. D.I. 220].  Judge Stengel issued the Report after extensive briefing by the parties and four separate mediation sessions that occurred over a span of two months.  The Report recommends that Defendants Covidien Unlimited Co., Covidien Group Holdings Ltd., Covidien International Finance S.A., and Covidien Group S.à r.l. ("**Defendants**" or "**Covidien**") search for and produce documents, using the search terms set forth in Exhibit D and Exhibit E to the Report.  Judge Stengel also recommends a revised discovery and pretrial schedule to extend the time needed to complete document discovery and depositions.

The Trust supports all the recommendations in the Report without qualification.  Accordingly, it respectfully requests that this Court: (1) enter the proposed order attached hereto as **Exhibit A** requiring Defendants to search for and produce all documents responsive to the search terms identified in Exhibit D and Exhibit E to the Report; (2) enter the proposed order attached hereto as **Exhibit B** adopting the revised schedule proposed by Judge Stengel; and (3) order Covidien to pay the costs of the mediation.

In addition, the Court should grant the Trust's pending request to compel compliance with the subpoena served on Medtronic plc ("**Medtronic**") [Adv. D.I. 199], Covidien's parent holding company.  That request remains pending before this Court; it was not part of the mediation.  Nevertheless, the Court should grant the Trust's request to compel for the same reasons articulated in the Report regarding the Trust's third set of document requests to Covidien ("**Third Request**").

CAPLIN & DRYSDALE

The Honorable Brendan L. Shannon
April 10, 2026
Page 2

## I.   BACKGROUND

### A.   Pre-Mediation Disputes Over Document Requests Served on Covidien

Judge Stengel found that in "response to Covidien's document requests, the Trust produced 1,252,051 documents." Report at 5. In "response to the Trust's [first set of] document requests ["**First Request**"], Covidien utilized the OCC Terms to produce 24,956 documents." *Id.*[1] Because of the extraordinarily small production made by Defendants, as well as Covidien's refusal to use any search terms other than the OCC terms, the Trust requested the use of additional search terms relating to its specific document requests. Between October 2024 and January 2025, counsel for the Trust and Covidien engaged in negotiations over the Trust's proposed search terms. In an attempt to reach a compromise with Covidien, the Trust "proposed a revised list of 155 terms, which resulted in 190,000 hits across approximately 401,000 documents." *Id.* at 6. After more than three months of negotiations, however, Covidien refused to agree to a single search term. Covidien never explained why it negotiated with the Trust for over three months if it never intended to agree to any terms. At the March 24, 2025 hearing, this Court directed the parties to mediate the search term dispute. Mar. 24, 2025 Hr'g Tr. at 16:10-17:15.

On August 20, 2025, the Trust served on Covidien its Third Request, which related to damages and solvency issues. Report at 6 & Exhibit B.[2] In connection with the Third Request, the "Trust provided Covidien with a list of 16 proposed search terms, which terms yielded 36,050 hits spread across 85,055 documents." Report at 6. Covidien refused to search for or produce any documents in response to the Third Request.

### B.   The Mediation

On December 1, 2025, the parties agreed to mediate the dispute over the search terms for the First Request and the Third Request before Judge Stengel. Report at 6. On December 8, 2025, this Court entered the Order Approving Stipulation Regarding Appointment of Mediator [Adv.

---

[1]   In the underlying chapter 11 case, Medtronic reached an agreement with the Official Committee of Opioid Related Claimants ("**OCC**") on June 2, 2021, to produce documents using 25 search terms and in response to 14 ad hoc requests. Report at 3. Medtronic produced approximately 70,000 documents in accordance with that 2021 agreement. *Id.* The OCC never represented, nor considered, the discovery it received from Medtronic as a substitute for the discovery that would be available if and when the Trust's claims were actually litigated; rather, the OCC sought information sufficient to investigate the "the fairness of the terms contemplated for the Proposed Plan . . . ." Stipulation Regarding Discovery Between the Official Committee of Opioid Related Claimants and Medtronic, Bankr. D.I. 2653-1 ¶ D. This due-diligence investigation by the OCC, which was done prior to the creation of the Trust, is no substitute for discovery once litigation commences. *See Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 268 (3d Cir. 2013) ("Although a Rule 2004 examination is obviously an investigatory device and it is conducted under oath, it should not be confused with discovery or a discovery deposition." (quoting *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010))).

[2]   That same day, the Trust also served a subpoena on Medtronic, which similarly addressed damages and solvency issues [Adv. D.I. 199].

CAPLIN & DRYSDALE

The Honorable Brendan L. Shannon
April 10, 2026
Page 3

D.I. 201]. Paragraph 2 of the order provides that the "Mediator is authorized to submit recommendations regarding the Mediation Issues to the Court." *Id.*

In addition to addressing the Trust's proposed search terms, the mediation sessions dealt with the parties' positions on documents withheld by Covidien for privilege. As the Report only addresses the search-terms issue (since the privilege review is not complete), this letter does not discuss the outstanding privilege issues. The Trust notes, however, that, since Judge Stengel's appointment as the mediator, Covidien has produced to the Trust—in six separate productions— 1,196 documents that it previously withheld on privilege grounds, only choosing to produce them once they became the subject of mediation.[3]

## II.    ARGUMENT

### A.    This Court Should Adopt the Mediator's Recommendations on Search Terms

This Court should approve and adopt Judge Stengel's search-terms recommendations for the First Request and Third Request. *See* Exhibits D and E to Report. Courts within the Third Circuit regularly approve and adopt in full the reports and recommendations of special masters and discovery mediators, even over party objections. *See*, *e.g.*, *United States ex rel. Travis v. Gilead Scis., Inc.*, No. CV 17-1183, 2024 WL 3843590, at *5 (E.D. Pa. May 21, 2024) (approving and adopting special master's report and recommendation on discovery matters over party's objection); *Jarzyna v. Home Props., L.P.*, No. CV 10-4191, 2013 WL 12155356, at *1 (E.D. Pa. Apr. 4, 2013) (adopting special master's report and recommendation concerning discovery over party's objection), *aff'd*, 783 F. App'x 223 (3d Cir. 2019); *In re Cendant Corp. Sec. Litig.*, 569 F. Supp. 2d 440, 442 (D.N.J. 2008) (approving and adopting special master's report and recommendation finding that party could seek reimbursement of attorneys' fees); *U.S. Fid. & Guar. Co. v. Dick Corp./Barton Malow*, 215 F.R.D. 503, 507 (W.D. Pa. 2003) (rejecting challenge to a privilege determination by a special master).

Judge Stengel conducted a thorough and comprehensive mediation that included extensive briefing and four mediation sessions in January and February of 2026. Both sides had every opportunity to present their positions in full. The Report is well-reasoned and is supported by the facts and the law. The recommendations should be approved and adopted in full.

### B.    The Trust's Document Requests Were Timely

The First Request was served at the start of fact discovery and does not raise any timeliness issues. The Report found that the Trust's Third Request was also timely because the "Scheduling Order contemplated substantial – not absolute – completeness." Report at 13. Judge Stengel's conclusion is well-supported by caselaw. As courts have noted, "the substantial completion of fact

---

3    This year, Covidien has produced sets of documents previously withheld as privileged on January 9, January 23, February 17, February 24, February 26, and March 31.

CAPLIN & DRYSDALE

The Honorable Brendan L. Shannon
April 10, 2026
Page 4

discovery . . . does not require that all fact discovery be completed by that date[,] which is why there is a separate deadline for the completion of fact discovery." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 17CV1118-BEN(BLM), 2018 WL 2979575, at *4 (S.D. Cal. June 8, 2018) (granting additional requests for production); *see also In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB, 2025 WL 2573419, at *3 (N.D. Cal. Sept. 5, 2025) (plaintiffs' discovery was "not precluded by the substantial completion deadline, which is distinct from the complete cutoff of fact discovery"); *H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, No. 19-CV-1095 (JNE/BRT), 2021 WL 9493928, at *2 (D. Minn. Jan. 29, 2021) (explaining that the purpose of a "substantial completion" deadline is to "facilitate the taking of fact depositions before the fact discovery deadline expire[s]," not to bar further document discovery) (citation omitted).

C.      **The Document Requests Are Relevant to the Trust's Claims and Proportional to the Needs of the Case**

Judge Stengel conducted a detailed and thorough analysis of the Trust's document requests contained in the First Request and Third Request and concluded that the documents "fall squarely within the scope of discovery" and were "in proportion with the needs of the case." Report at 16-17. The Report acknowledged that the fraudulent transfers alleged by the Trust are valued in the tens of billions of dollars, and that most of the Trust's claims have survived a motion to dismiss and a motion for summary judgment. *Id.* at 2-4. Judge Stengel rejected Covidien's argument that any discovery had to be limited to "the bases of and rationale for the [Covidien] Board's decision to enter into the Spinoff." *Id.* at 13-14. To the contrary, the Report concluded that requests relating to badges of fraud, corporate separateness, issues of unfairness, and solvency are relevant to the issues in this case. *Id.* at 13-16.

Judge Stengel's finding that the Trust's requests are proportional is well-supported by caselaw. In considering issues of proportionality, "the court compares the cost of discovery to the amount in controversy[.]" *Arrow Enter. Computing Sols., Inc. v. BlueAlly, LLC*, No. 5:15-CV-37-FL, 2017 WL 876266, at *4 (E.D.N.C. Mar. 3, 2017) (citing *Bell v. Reading Hosp.*, No. CV 13-5927, 2016 WL 162991, at *3 (E.D. Pa. Jan. 14, 2016)). Courts are reluctant to find additional discovery disproportionate where so much money is at stake, especially where there is no other means to obtain the information. *See*, *e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. ML 19-2905-JAK (PLAx), 2022 WL 19425956, at *4 (C.D. Cal. July 25, 2022) (noting that where billions of dollars were at stake, the "massive" amount in controversy favored finding additional discovery proportional); *Bos. Ret. Sys. v. Alexion Pharms., Inc.*, No. 3:16-CV-2127(AWT), 2022 WL 970089, at *5 (D. Conn. Mar. 31, 2022) (holding that "the additional discovery being requested is proportional to the needs of the case and is not unduly burdensome on the Defendants" where the amount in controversy is "very large," thousands of individuals have a stake in the outcome, and the information is in the defendants' sole possession).

Judge Stengel also found that the First Request and Third Request were not unreasonably cumulative or duplicative of the 25 search terms that Covidien negotiated with the OCC. Report at 19-22. The Report recognized the well-established principle that "pre-suit discovery pursuant

CAPLIN & DRYSDALE

The Honorable Brendan L. Shannon
April 10, 2026
Page 5

to Rule 2004 is not intended to serve in an adversary proceeding as a substitute for the traditional discovery mechanisms provided for in the Federal Rules of Civil Procedure." *Id.* at 20.  In comparing the Trust's requests to the 25 terms used by Covidien, Judge Stengel stated that "the overlap is not as significant as Covidien suggests." *Id.* at 21.  Accordingly, the Report concluded that the Trust's document requests are not "unreasonably cumulative or duplicative of the productions already in the Trust's possession." *Id.*

> ### D.   The Recommended Search Terms Are Reasonable and Should Be Approved

The Report recommends that Covidien use 66 search terms to search for and produce electronically stored information ("**ESI**") responsive to the First Request.  Report at Exhibit D.  It also proposes that Covidien use 14 search terms to search for and produce ESI responsive to the Third Request.  *Id.* at Exhibit E.  Prior to the mediation, the Trust sought the use of 155 search terms for the First Request.  *Id.* at 6.  Not only did the Trust work with Judge Stengel to reduce the number of search terms from 155 to 66, but it also worked with Judge Stengel to include modifiers for the 66 search terms so that the requests would be more specific and less likely to capture irrelevant documents.  *Id.* at 24.  The Report also reduced the search terms for the Third Request from 16 to 14.  Judge Stengel conducted a detailed and balanced review of the search terms that was based on discussions with the parties in four separate mediation sessions.  In accepting the mediator's proposals, the Trust has compromised on the number and scope of the search terms.  Accordingly, this Court should find that the search terms proposed by Judge Stengel in Exhibit D and Exhibit E are reasonable and should approve them.

> ### E.   Parameters for the Search Terms

The Trust requests that the Court order Covidien to search for and produce ESI using the recommended search terms within the following three parameters.  First, Defendants should run the search terms against the ESI of all persons identified in the Rule 26(a) initial disclosures exchanged by the parties.  In its initial document production, Covidien ran the 25 OCC search terms against all persons named in the parties' initial disclosures, and there is no reason to change that practice here.  Second, as Judge Stengel recommended, the ESI searched should be those documents and materials dated, prepared, created, generated, transmitted, or received at any time between June 29, 2007 (the date Tyco spun off Covidien) and June 28, 2013 (the date Covidien spun off Mallinckrodt).  Covidien represented to Judge Stengel that it did not withhold any pre-2010 documents in its initial production (Report at 16), and the Trust requests that Defendants apply that same standard to the recommended search terms.  Third, except where Judge Stengel has specifically recommended using uppercase letters, all search terms used should be in lowercase letters so that relevant ESI will not be inadvertently missed in the searches.  These three parameters are set forth in Exhibit A.

CAPLIN & DRYSDALE

The Honorable Brendan L. Shannon
April 10, 2026
Page 6

### F.    The Court Should Adopt the Revised Schedule Proposed by the Mediator

During the mediation sessions, Judge Stengel and the parties discussed the time each party would need complete document production and review as well as depositions. At the end of his Report, Judge Stengel sets forth a proposed discovery and pretrial schedule. Report at 29-30. Among other things, the proposed schedule gives Covidien four months to search for and produce responsive ESI using the recommended search terms, and it gives the Trust three months to complete its review of the ESI produced by Covidien. The schedule proposed by Judge Stengel is fair and represents the appropriate amount of time that the Trust and Covidien will need to conduct the document production, document review, and depositions. Accordingly, the Trust requests that the Court enter a revised scheduling order utilizing the proposed dates in the Report, as set forth in Exhibit B hereto.

### G.    Covidien Should Pay the Costs of the Search Term Mediation

The Trust should not be penalized for Covidien's failure to meet its discovery obligations. The mediation on the question of search terms was necessary because Covidien maintained that it did not have to use **any** of the Trust's proposed search terms to search for and produce additional documents in response to the Trust's First Request or Third Request, or use any search term other than 25 search terms Medtronic negotiated with the OCC. The Trust, in turn, argued that the use of the 25 OCC search terms was not sufficient to cover the Trust's requests, and that Covidien had an obligation to search for and produce additional documents on issues related to the badges of fraud, alter ego, and solvency issues. The Report vindicates the Trust's position. After a careful review of the Trust's allegations, the procedural posture of this case, the discovery produced to date, and the pending discovery requests, Judge Stengel recommends that Covidien utilize 66 additional search terms for the First Request and 14 search terms for the Third Request.

As the mediation was only necessary because Covidien failed and refused to meet its discovery obligations, the Trust requests that the Court order Covidien pay 100% of the fees and costs incurred by Judge Stengel and his firm, Optimal Dispute Resolutions, in connection with the mediation. To move forward with the mediation, the Trust initially agreed to pay 100% of the mediation costs while explicitly reserving the right to request that this Court order Covidien to pay for some or all of the mediation after its completion. See Adv. D.I. 201 ¶ 4. As the Report rejected Covidien's position that it produced sufficient discovery and recommends that Covidien use 80 of the Trust's proposed search terms, Covidien should be responsible for the costs associated with the mediation. The fact that Covidien negotiated search terms with the Trust for over three months only to refuse to agree to a single search term further supports an award of fees and costs.

### H.    The Report's Recommendations Support the Trust's Motion to Compel Medtronic's Compliance with the Subpoena

The recommendations in the Report support the Trust's pending request to compel Medtronic's compliance with the subpoena served on it [Adv. D.I. 199]. The Trust served the

CAPLIN & DRYSDALE

The Honorable Brendan L. Shannon
April 10, 2026
Page 7

Third Request and the Medtronic subpoena in August 2025 to obtain documents relating, *inter alia*, to the issues of solvency and damages.  *Compare* Exhibit B to the Report with Exhibit A to the Trust's request to compel Medtronic's compliance with the subpoena [Adv. D.I. 199]. Covidien did not agree to mediate any disputes relating to the Medtronic subpoena.  Accordingly, the Trust made its request to compel compliance.  Both the Medtronic subpoena and the Third Request contain similar requests, and both focus on the Trust's damages claims.  Medtronic raised the same objections to the subpoena that Covidien raised to the Third Request:  (1) the discovery requests were not timely;[4] (2) the discovery requests were unduly burdensome; and (3) the discovery requests were duplicative of other requests.  The Report rejects all three arguments as to the Third Request and recommends that Covidien produce documents in response to 14 of the 16 search terms proposed in connection with the Third Request.  Report at 18-22, 29-30.  This Court should similarly overrule Medtronic's objections and order it to search for and produce documents responsive to the requests contained in the Medtronic subpoena within 30 days.

## III.    CONCLUSION

For the reasons explained above, the Trust requests that the Court (1) enter the proposed form of orders that are annexed to this letter as **Exhibit A** (approving and adopting the Report) and **Exhibit B** (setting forth the amended discovery and pretrial schedule), and (2) grant the Trust's request to compel Medtronic's compliance with the subpoena.

Respectfully submitted,

**COLE SCHOTZ P.C.**


*/s/ Patrick J. Reilley*

Justin R. Alberto, Esq. (No. 5126)          Anthony De Leo, Esq. (admitted *pro hac vice*)
Patrick J. Reilley, Esq. (No. 4451)          1325 Avenue of the Americas, 19th Floor
500 Delaware Avenue, Suite 600          New York, NY 10019
Wilmington, DE 19801          Telephone: (212) 752-8000
Telephone: (302) 652-3131          Facsimile: (212) 752-8393
Facsimile: (302) 652-3117          adeleo@coleschotz.com
jalberto@coleschotz.com
preilley@coleschotz.com

-and-

---

[4] Medtronic's Opposition Regarding Trust's Request to Compel at 1-2, Adv. D.I. 205; Report at 12.

CAPLIN & DRYSDALE

The Honorable Brendan L. Shannon
April 10, 2026
Page 8

**CAPLIN & DRYSDALE, CHARTERED**
Kevin C. Maclay, Esq. (admitted *pro hac vice*)
Todd E. Phillips, Esq. (admitted *pro hac vice*)
Jeffrey A. Liesemer, Esq. (admitted *pro hac vice*)
Quincy M. Crawford, III, Esq. (admitted *pro hac vice*)
1200 New Hampshire Ave. NW, 8th Floor
Washington, D.C. 20036
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
kmaclay@capdale.com
tphillips@capdale.com
jliesemer@capdale.com
mcrawford@capdale.com

*Counsel to the Opioid Master Disbursement Trust II*