**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MALLINCKRODT PLC,<br><br>Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-12522 (BLS) |
| OPIOID MASTER DISBURSEMENT TRUST II,<br>Plaintiff,<br>v.<br><br>COVIDIEN UNLIMITED COMPANY (formerly known as Covidien Ltd. and Covidien plc), COVIDIEN GROUP HOLDINGS LTD. (formerly known as Covidien Ltd.), COVIDIEN INTERNATIONAL FINANCE S.A., COVIDIEN GROUP S.À.R.L., and DOE DEFENDANTS 1-500,<br>Defendants. | Adv. Proc. No. 22-50433 (BLS) |

**RESPONSE OF COVIDIEN DEFENDANTS TO REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

In accordance with this Court's Order dated March 25, 2026 (ECF No. 221), defendants Covidien Limited (f/k/a Covidien Unlimited Company and Covidien plc), Covidien Group Holdings Ltd. (f/k/a Covidien Ltd.), Covidien International Finance S.A., and Covidien Group S.à.r.l. (collectively, "Covidien") submit this Response to Mediator Lawrence F. Stengel's Report and Recommendation Regarding Plaintiff's Request for Production of Documents, dated March 20, 2026 (ECF No. 220) (the "Report and Recommendation"). Covidien very much appreciates

---

[1] The Reorganized Debtor in this Chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court entered an order closing the Chapter 11 cases of the Reorganized Debtor's debtor affiliates. A complete list of the Debtor affiliates in these Chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

the time and effort that the Mediator has devoted to this matter and accepts the Mediator's recommendation that some additional searches, beyond those Covidien has already performed, would be appropriate. Covidien respectfully submits that with respect to five of the recommended terms, further modifications would be appropriate to ensure that those terms are tailored to the matters at issue and to avoid further delay in the resolution of this adversary proceeding.

### I.    Background

This adversary proceeding arises out of Covidien's spinoff in June 2013 of Mallinckrodt, which operated a pharmaceutical business. Mallinckrodt became a public company and thrived for years following the spin. It was not until 2017 that it began facing meaningful opioid litigation,[2] and it did not file for bankruptcy until October 2020, some seven and one-half years after it had been spun off.

As the plaintiff Opioid Master Disbursement Trust II (the "Trust") has acknowledged, the Trust already possesses substantial documentary evidence regarding the Mallinckrodt spin and bankruptcy. *See* Reply in Support of Motion of Opioid Disbursement Trust II for Leave to File Amended Complaint, at 1 & n.2 (ECF No. 47). First, the Trust obtained more than 1.3 million documents from Mallinckrodt, which took possession of substantially all company documents relating to the pharmaceuticals business at the time of the spin. *Id*. Second, the Trust obtained from Medtronic (Covidien's corporate parent) approximately 70,000 documents in the course of pre-suit discovery that the Trust's predecessor, the Official Committee of Opioid Related Claimants ("OCC"), had sought under Bankruptcy Rule 2004. Third, the Trust has obtained approximately 30,000 additional documents from Covidien in the course of discovery in this

---

[2] *See* Decl. of Stephen A. Welch, Chief Transformation Officer, in Supp. Of Chapter 11 Petitions and First Day Mots., Case No. 20-12522, D.I. 128 (Bankr. D. Del. Oct. 12, 2020) ¶ 76.

adversary proceeding, including 20,000 non-privileged documents responsive to the Trust's document requests (located by running the search terms counsel for the OCC negotiated over all custodians identified in the parties' Rule 26 disclosures, as well as conducting ad hoc searches for specific categories of documents), and nearly 11,000 otherwise-privileged documents that Covidien produced under the "joint representation" doctrine and pursuant to this Court's order under Federal Rule of Evidence 502(d) (the "FRE 502(d) Order").[3] As a result, the Trust is currently in possession of **1.3 million** documents provided to it by Mallinckrodt, and **over 100,000** documents produced to it by Medtronic/Covidien.  And those numbers do not include yet more documents that several third-parties, including leading financial firms that advised on the spin, have produced in response to document subpoenas served by the Trust (or in pre-suit discovery sought by the OCC).

The instant dispute arises out of the Trust's request that Covidien run even more expansive searches (an additional 245 search strings), over an even longer date range (doubling the time frame), and produce even more materials in response to the Trust's First and Third Document Requests.  In accordance with the Court's Order (ECF No. 201) (the "Mediation Order") and the initial conference held before the Court on December 12, 2025, the parties engaged in mediation.  At the conclusion of that process, on March 20, 2026, Mediator and former U.S. District Judge Lawrence F. Stengel issued a Report and Recommendation Regarding Plaintiff's Request for Production of Documents (ECF No. 220) (the "Report and Recommendation").

---

[3] These productions include documents previously withheld in full for privilege that arguably fell within the joint representation doctrine insofar as they involved communications made by or to the same counsel representing Covidien and Mallinckrodt related to the spin, the pre-spin restructuring, or the pharmaceuticals business.  Also pursuant to the Court's FRE 502(d) Order and without waiving privilege, Covidien produced on November 21, 2025, previously redacted final board minutes after removing redactions of content arguably falling within the joint representation doctrine.  Covidien has reviewed and re-produced all other documents previously produced with redactions in the same manner.

## II.    The Report and Recommendation

Covidien very much appreciates the time and effort that the Mediator has devoted to this matter and accepts the Mediator's recommendation that some additional searches, beyond those Covidien has already performed, would be appropriate. Covidien agrees with the Mediator that the 245[4] additional search terms that the Trust proposed ("the Proposed Terms") were "facially overbroad and therefore likely to burden Covidien with excessive and irrelevant data," and therefore "must be modified so as to connect the search strings to the issues and claims in dispute." Report and Recommendation at 24. Covidien thanks the Mediator for proposing to reduce the number of additional searches to 81 (67 for the First Set of Requests and 14 for the Third Set), and for suggesting modified terms (the "Recommended Merits Terms" and "Recommended Damages Terms," together, "the Recommended Terms") to "ensure the search strings are tailored to the claims at issue and the underlying allegations." *See id.* at 24-28. Based on Covidien's preliminary analysis performed to date, the Recommended Terms generate a document review population of approximately **306,000 documents** not already reviewed and produced, and approximately **575,000 with family members** (attachments) included.[5]

That said, Covidien respectfully submits that, with respect to a few of the Recommended Terms, further modifications would be appropriate to ensure that those terms are tailored to the

---

[4] The Proposed Terms were comprised of 229 search terms associated with the Trust's First Set of Requests, and another 16 terms associated with its Third Set of Requests. Report and Recommendation at 24, 27.

[5] Best practice, and indeed the practice Covidien has followed in its document productions to date, is that documents be produced with "full families." This means that if one document within a "family" of documents is responsive to a search term, the entire family is produced. For example, if an email "hits" on a search term and is responsive, Covidien's practice is to produce the email and each of its attachments, even if some or all of those attachments did *not* hit on the search terms and, standing alone, would not otherwise be responsive. Similarly, if an attachment hits on a search term and is deemed responsive, Covidien's practice is to produce the cover email and any other attachments that were included in the transmission, even if they would not otherwise have been responsive. Accordingly, it is the *number of hits inclusive of families* that provides an accurate count of the number of unreviewed documents returned by each search term.

4

matters at issue, as the Mediator recognized was appropriate, and to avoid further delay in the resolution of this adversary proceeding. Covidien identifies below five (5) Recommended Terms from the Report and Recommendation, which it asks the Court to modify in ways that should reduce meaningfully the irrelevant documents those Terms would otherwise capture, while at the same time ensuring that any potentially relevant documents not already produced are captured. It also identifies a few related issues regarding the schedule proposed by the Mediator.

### III.    A Limited Number of The Recommended Terms Remain Overbroad

Covidien's preliminary analysis of the Recommended Terms reveals that a handful of the search strings continue to be overbroad—even *after* the Mediator's helpful revisions—and continue to generate a very high number of "false hits." Covidien identifies five[6] such search strings below and respectfully requests that the Court modify them as suggested herein. For ease of reference, Covidien's proposed modifications are also reflected in a chart included as **Exhibit A**. With Covidien's proposed modifications, as detailed below, and based on its preliminary review, it appears that the document review population would be over 225,000, and over 430,000 with family members—a still substantial set of documents, but one that Covidien could potentially review for production in a reasonable period of time.

1.  Mediator's Recommended Term 51: operat* w/10 (analy* OR perform*).

Based on Covidien's preliminary analysis conducted to date, this search string appears to generate a large number of hits: more than 50,600 unreviewed documents (more than 126,500 with

---

[6] Covidien respectfully submits that even more than five search strings within the Recommended Terms continue to be overbroad, as they do not include limiters tying the search terms to Mallinckrodt or the spin. However, Covidien believes that some of these will generate relatively few "hits" and, rather than object to them, Covidien is prepared to take a practical approach and review the documents that these terms identify for relevance and possible production. *See, e.g.*, Report and Recommendation, Mediator's Recommended Terms, ECF. No. 220-4, No. 17 ("side letter" w/3 agree*); No. 22 ("wall* off"); No. 52 (overleverage*); No. 63 (undercapitalize*); No. 65 (upstream* w/5 (cash OR money OR monies or fund*)).

families).    Before the spin, Covidien operated many businesses besides the pharmaceutical business run by the Mallinckrodt subsidiaries, including a separate medical devices business that dwarfed the pharmaceutical operations.[7] Accordingly, generic search terms not limited to the pharmaceutical business will necessarily "hit" on many documents having nothing to do with any issue in this adversary proceeding.  Notably, Recommended Term 51 contains *no limiters* tying the terms to Mallinckrodt or the spin.  Covidien therefore requests that the term be modified so as to add the modifier "w/15 (mallinckrodt OR "mnk" OR "mlnk" OR "mifsa" OR "jameson" OR "jpm" OR "jpmorgan" OR pharma* OR opiat* OR opioid* OR oxy* OR liab* OR spin OR spun OR sell* OR sale)" at the end.  With Covidien's proposed modification, the full term would read: (operat* w/10 (analy* OR perform)) w/15 (mallinckrodt OR "mnk" OR "mlnk" OR "mifsa" OR "jameson" OR "jpm" OR "jpmorgan" OR pharma* OR opiat* OR opioid* OR oxy* OR liab* OR spin OR spun OR sell* OR sale)."  Based on the preliminary analysis that Covidien has conducted to date, Covidien's modified search string returns approximately 1,600 documents (approximately 5,000 with families) not already reviewed and produced.  While even Covidien's modified search string could generate documents having nothing to do with Covidien's *decision to spin-off Mallinckrodt*, Covidien's proposed modification would at least ensure that the documents that the term identifies have *some* relationship to Mallinckrodt.

---

[7] *See* Covidien plc, Annual Report (Form 10-K) (Nov. 15, 2012) at 31, available at: https://www.sec.gov/Archives/edgar/data/1385187/000138518712000011/cov-201292812x10k.htm.

2. <u>Mediator's Recommended Term 11: ("morgan" OR "jpmorgan" OR "jpm") w/15 (mallinckrodt OR "mnk" or "mlnk" OR "mifsa" OR jameson OR pharma* or opiat* OR opioid* OR oxy* or liab* OR spin OR spun or sell* OR sale).</u> [8]

Based on Covidien's preliminary analysis conducted to date, this search string appears also to generate a large number of hits: nearly 26,000 documents (or nearly 43,000 including families). Covidien understands that Recommended Term 11 is intended to capture documents regarding JP Morgan's advice to Covidien in connection with the spin-off of Mallinckrodt.  As an initial matter, Covidien believes that it has already produced all, or substantially all, documents relating to that advice, as a result of the searches it conducted pursuant to terms agreed upon with the OCC.  *See* Report and Recommendation, Exhibit C, OCC Search Terms (ECF No. 220-3), Term 2.  Moreover, Covidien understands that the Trust has also received documents directly from JP Morgan in response to third-party discovery that the Trust served on it.  Nevertheless, Covidien is prepared to run an additional search similar to that suggested by the Mediator on documents in its possession, but requests that the very first term—"morgan"—be deleted.  Covidien proposes this modification because its preliminary analysis shows that this term picks up (1) many documents that reference individuals whose first or last name is "Morgan," and (2) a large volume of irrelevant market updates mentioning "Morgan Stanley."  Revising the search string to delete "morgan" would reduce the number of false hits returned by this search, while still returning documents (if any not already produced) that concern the advice provided by JP Morgan in connection with the Mallinckrodt spin-off.  Accordingly, Covidien requests that the search string be modified to read: ("jpmorgan" OR "jpm") w/15 (mallinckrodt OR "mnk" or "mlnk" OR "mifsa" OR jameson OR

---

[8] As this example illustrates, Covidien may need in some cases to change slightly the placement of parentheses in the terms suggested by the Mediator (in this case, the term proposed by the Mediator has insufficient parentheses to enclose the terms to the right of the "w/15" connector).  Rather than burden the Court with this level of detail, Covidien will disclose any such modifications of this kind to the Trust and work in good faith to resolve any issues.

pharma* or opiat* OR opioid* OR oxy* or liab* OR spin OR spun or sell* OR sale).  Based on the preliminary analysis that Covidien has conducted to date, Covidien's modified search string would return approximately 4,300 hits (nearly 8,000 hits with families).

3. Mediator's Recommended Term 5: (badco OR "bad co*" OR newco OR "new co*") AND (mallinckrodt OR "mnk" OR "mlnk" OR "mifsa" OR jameson OR "morgan" OR "jpm" OR "jpmorgan" OR spin* OR pharma* OR opiat* OR opioid* OR oxy* OR sell* OR sale).

Based on Covidien's preliminary analysis conducted to date, this search string appears to generate a large number of hits as well: some 49,000 documents (or more than 118,000 including families).  Covidien understands that this search string is designed to capture documents (if any) that reference Mallinckrodt as a "bad co" or "bad company" or as a "new co" or "new company." However, because many words begin with the letters "co," it appears that Recommended Term 5 would return a large number of "false hits" having no connection to any discussion of Mallinckrodt as either a "new co" or "bad co."  For example, the phrase "new co*" would include references to a "new colleague," so any document referring to a new colleague and Mallinckrodt would be captured by a search using Recommended Term 5, even if it had nothing to do with opioids or the spin.  To reduce the number of "false hits" and ensure that the search string is capturing only documents referencing opioids or the spin, Covidien requests that the string be modified to eliminate the expander (*) after "co," and to include a proximity limitation to ensure that the discussion of "new co" or "bad co" actually relates to Mallinckrodt, the spin, or opioids. Additionally, as discussed with respect to Recommended Term 11 above, Covidien requests deletion of the term "morgan" in order to cut down on the false hits.  Accordingly, Covidien requests that the search string be modified to read: (badco or "bad co" OR "bad company" OR newco or "new co" OR "new company") w/15 (Mallinckrodt OR "mnk" OR "mlnk" OR "Mifsa"

OR jameson OR "jpm" OR "jpmorgan" OR spin* OR pharma OR sell* OR sale OR opiate* OR opioid OR oxy*).    It appears that this modified search would return approximately 5,600 documents (approximately 10,000 with families).

4. <u>Mediator's Recommended Term 9</u>: ("due diligence" OR examin* OR vet* OR jameson) w/10 (mallinckrodt OR "mnk" OR "mlnk" OR "mifsa" OR opiat* OR opioid* OR oxy* OR pharma* OR spin* OR spun OR sell* OR sale OR conting* OR monitor* OR kickback*).

Based on Covidien's preliminary analysis conducted to date, this search string also appears to generate a large number of hits: more than 17,000 documents (nearly 36,000 including families). Here, again, Covidien believes that it has already produced all or substantially all documents in its possession relating to due diligence or other consideration of the spinoff (or any potential sale) of Mallinckrodt by Covidien.  Nevertheless, Covidien does not object to running another search along the lines the Mediator has proposed, but asks that the string be modified slightly so as to focus on the spinoff or a potential sale of Mallinckrodt.  As drafted, Recommended Term 9 would almost surely capture documents unrelated to the spin—or any consideration by Covidien of selling or otherwise divesting the pharmaceutical business—and instead captures documents concerning "due diligence," "vetting," or "examination" by Covidien of a potential "sale" of any of its *non-pharmaceutical businesses*.  Accordingly, Covidien proposes that the string be modified to read as follows: ("due diligence" OR examin* OR vet*) w/10 (jameson OR opiat* OR opioid* OR oxy* OR spin* OR spun).  Based on the preliminary analysis that Covidien has conducted to date, Covidien's modified search string returns approximately 1,000 documents (approximately 2,300 with families).

5.    Mediator's Recommended Term 35: f*k* w/10 (pharm*).

Covidien understands that this recommended search term is designed to uncover any documents using any variant of the profanity (e.g., "f__k "or "f__king") and the term "pharma," and has no objection to this search in principle.  However, Covidien reviewed a sample of the documents returned using Mediator's Recommended Term 35, and found that virtually all did not include any form of the profanity intended to be captured, but rather contained entirely innocuous terms like "folks" or "Dr. Falk."  Covidien requests that this search string either be eliminated or limited so that it only picks up a variant of the profanity, modified to read: fu*k* w/10 (pharm*). Based on the preliminary analysis that Covidien has conducted to date, Covidien's modified search string would return approximately 300 documents (760 with families), as compared to the nearly 6,000 documents (more than 12,600 including families) that the Recommended Term, without modification, would likely generate.  To be clear, based on a preliminary review, Covidien does not believe any of these documents actually uses the profanity or any variant of it, but at least the modification of the search term proposed here should reduce the number of "false hits" that need to be reviewed.

Covidien believes that some of the other search strings proposed by the Mediator, beyond the five identified above, will also capture at least some documents unrelated to the spinoff or even to Mallinckrodt and its pharmaceutical business. *See supra* note 6.  Indeed, even with Covidien's proposed modifications, the document review population will still be over 225,000 documents, and over 430,000 with family members.  But, if the five search strings identified above are modified as Covidien has proposed, Covidien is hopeful that it can perform the searches and produce responsive, non-objectionable documents in a reasonable period that will not further delay the resolution of this adversary proceeding.

## IV.     Other Issues

In addition to the small number of search strings it requests be modified, as outlined above, Covidien wishes to flag a few additional issues.

### 1.   Deadline for Production of Documents

The Mediator proposes that Covidien complete its production of documents responsive to the new search strings by July 31, 2026.  *See* Report and Recommendation at 29.  Covidien is committed to doing everything it can reasonably do to expedite the process, but respectfully requests that the deadline for production be set at a status conference approximately two months after the Court enters its Order so that Covidien can report on its progress and the parties and the Court can address the deadline.  Covidien's vendor (a leading outside document review firm, Morae – www.morae.com) has indicated that even while employing a team of reviewers, first-level review could take six months or more, using the search terms proposed by the Mediator without any further modifications.  Further, this time estimate is without consideration for the additional time required for standard second-level review (both for relevance and privilege) performed by outside counsel.  Covidien and its undersigned outside counsel are in discussions with Morae to see if there are ways the process can be expedited.  The length of time for review and production, however, is greatly dependent on the number of hits resulting from the search terms ordered by the Court.  For example, based on discussions with Morae, Covidien estimates that if its proposed modifications are ordered, first-level review would be more likely to take approximately four months.  As such, Covidien respectfully requests that the deadline for production be set at a status conference approximately two months after the Court enters its Order.

2.  <u>Contemplation of Further Document Requests</u>

The Mediator proposes that the Trust be permitted, on or before August 31, 2026, to propound up to another 10 "targeted" and "discrete" requests and that Covidien complete its production of all documents, presumably including any additional ones identified through those requests, by 30 days thereafter, September 30, 2026. *Id.*  Respectfully, Covidien does not believe that even more document requests should be permitted, especially at this time.  The cost and further delay that will be occasioned—30 days is the normal period for objections to be filed under the Federal Rules (*see* Fed. R. Civ. P. 34(b)(2)(A), as incorporated by Fed. R. Bankr. P. 7034), and production often takes many more months—could be substantial.  That said, if the Court believes it appropriate, Covidien would have no objection if any Order entered preserves both side's rights with respect to any additional requests.

3.  <u>Request for Trial Date</u>

While the Mediator proposes a new schedule through the completion of summary judgment briefing, Covidien requests that the Court also set a tentative date for trial to begin, as early as possible—in late 2027 or early 2028.  The Trust commenced this adversary proceeding three and one-half years ago, in October 2022.  The case concerns a spinoff that closed nearly 13 years ago, in June 2013.  One key witness, a former director of Covidien, has already passed away, and another (also a former Covidien director) has had a stroke.  Other witnesses may also be lost over time, and memories naturally fade with the passage of time.  The Mediator has proposed a schedule in which summary judgment briefing would not be completed until September 24, 2027, nearly a year and a half from now, such that trial might not be possible until sometime in 2028.

Accordingly, even if the schedule later needs to be adjusted, Covidien requests that the Court set a date for the commencement of trial.  That makes particular sense now that it is clear

that this Court will preside over any trial and that the case will be tried to the bench, not a jury.[9]
To be sure, the uncertainty in how quickly Covidien can review and produce responsive documents
that "hit" on the new search terms may require that any trial date set now be later revised.  But
Covidien is committed to doing everything it can to expedite this supplemental process for
document review and production.  With that in mind, Covidien respectfully requests that the Court
set the tentative date for trial to begin in the fourth quarter of 2027 or as early as practicable in
2028.

* * *

If it would be helpful to the Court, Covidien will be happy to prepare a proposed Order
reflecting the Mediator's Report and Recommendation with the relatively few modifications
proposed herein.

Respectfully submitted,

Dated:  April 10, 2026

/s/  R. Craig Martin
R. Craig Martin (DE 5032)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com

*and*

Philip D. Anker (*pro hac vice*)
Howard M. Shapiro (*pro hac vice*)
**WILMER CUTLER PICKERING HALE
AND DORR LLP**

---

[9] *See* Covidien's Motion to Strike the Trust's Demand for Trial by Jury (ECF No. 211); The Opioid Master Disbursement Trust II's Notice of Withdrawal of Demand for Trial by Jury (ECF No. 223); Plaintiff's Response to Covidien's Motion to Strike Jury Demand (ECF No. 224); Order Dismissing as Moot Covidien's Motion to Strike Jury Demand (ECF No. 226).

7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: philip.anker@wilmerhale.com
       howard.shapiro@wilmerhale.com

*Attorneys for Covidien Limited (fka Covidien Unlimited Company and fka Covidien plc), Covidien Group Holdings Ltd. (fka Covidien Ltd.), Covidien International Finance S.A., and Covidien Group S.à.r.l.*