IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MALLINCKRODT PLC, | ) | |
| | ) | |
| Reorganized Debtor.[1] | ) | Case No.  20-12522 (BLS) |
| _____ | ) | |
| OPIOID MASTER DISBURSEMENT TRUST II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| COVIDIEN UNLIMITED COMPANY | ) | Adv. Proc. No.  22-50433 (BLS) |
| (formerly known as Covidien Ltd. and | ) | |
| Covidien plc), COVIDIEN GROUP HOLDINGS | ) | Re:  Adv. D.I. Nos, 88, 192 and 220 |
| LTD. (formerly known as Covidien Ltd.), | ) | |
| COVIDIEN INTERNATIONAL FINANCE S.A., | ) | |
| COVIDIEN GROUP S.À R.L., and | ) | |
| DOE DEFENDANTS 1-500, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SECOND AMENDED SCHEDULING ORDER**

The Court having entered the Scheduling Order on May 28, 2024 [Adv. D.I. 88], which

provides in paragraph 5: "Any provision of this Order setting forth a discovery deadline may be

amended by the mutual agreement of the parties," and the parties having jointly agreed to amend

certain discovery deadlines in the Scheduling Order as set forth below; and the Court having

entered the First Amended Scheduling Order on October 14, 2025 [Adv. D.I. 192]; and the Hon.

---

[1] The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court closed the chapter 11 cases of the Reorganized Debtor's debtor-affiliates. A complete list of the debtor-affiliates may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

Lawrence F. Stengel (ret.) acting as mediator ("**Mediator**"), having recommended an extension of the discovery and pretrial deadlines in his Report and Recommendation Regarding Plaintiff's Requests for Production of Documents, filed on March 24, 2026 [Adv. D.I. 220];

**IT IS HEREBY ORDERED** as follows:

1.     Joinder of Other Parties and Amendment of Pleadings. The Trust filed a Motion to Amend on June 15, 2023 (Adv. D.I. 33), which was granted in part and denied in part on January 18, 2024 (Adv. D.I. 58). The Trust then filed an Amended Complaint on February 8, 2024 (Adv. D.I. 59). No further amendments, including, without limitation, to join other parties, are permitted without leave of Court. Notwithstanding the foregoing, this paragraph does not apply to amendments solely in response to a change in the corporate form or name of any defendants named in the Amended Complaint.

2.     Discovery

a.     The parties are expected to conduct discovery consistent with Local Rule 7026-1 and Federal Rules of Civil Procedure 26 through 37.

b.     Discovery Cut Off.  All discovery in this proceeding shall be initiated so that it will be completed on or before **May 31, 2027.**

c.     The Trust's First and Third Set of Requests to Covidien.  Covidien shall produce documents responsive to the First and Third Set of Requests, using the search terms recommended by the Mediator, on a rolling basis but no later than **July 31, 2026.** The Trust is permitted leave to propound targeted follow-up requests for production, not to exceed **10** discrete requests, on or before **August 31, 2026.**

d.     Requests for Admission.  A maximum of **25** requests for admission are

permitted for each side. Unless agreed upon by the parties, the parties will object and respond to requests for admission by the deadline set forth in Federal Rule of Civil Procedure 36, with all supplements and/or amendments due by the close of document discovery on **September 30, 2026.**

e. Interrogatories. A maximum of **25** interrogatories, inclusive of subparts and including contention interrogatories, are permitted for each side. Unless agreed upon by the parties, the parties will object and respond to interrogatories by the deadline set forth in Federal Rule of Civil Procedure 33, with all supplements and/or amendments due by the close of document discovery on **September 30, 2026.**

f. Depositions

i. Limitation on Depositions. Each side is limited to a total of **20** depositions of fact witnesses per side, inclusive of any depositions that were taken relating to Covidien's Motion for Summary Judgment Based on the Section 546(e) Safe Harbor [Adv. D.I. 93], unless otherwise ordered by the Court. Each side may seek leave of Court to take additional depositions.

ii. Completion of Depositions. All depositions of fact witnesses shall be completed on or before **January 29, 2027.**

iii. Location of Depositions. The parties may conduct depositions by remote means (e.g. Zoom) at their discretion. Defending counsel may, if it elects, participate in person with the witness. Counsel conducting the deposition may choose to participate in person or by remote means.

g. Disclosure of Expert Testimony

i. Expert Reports. Parties offering affirmative expert opinions

(regardless of which party has the initial burden of proof on the subject matter) shall make their Federal Rule 26(a)(2) disclosure of such expert testimony on or before **February 26, 2027.** A party offering rebuttal expert opinions to contradict or rebut expert opinions on the same subject matter identified by the other side by February 26, 2027, shall make their Rule 26(a)(2) disclosure of such expert testimony on or before **April 16, 2027.** No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition, which are to be completed by the Discovery Cut Off date of May 31, 2027.

      ii.      Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for case dispositive motions (including full or partial summary judgment motions) set forth in ¶ 6, *infra*, unless otherwise ordered by the Court. The same deadlines for opposition and reply papers set forth in ¶ 6 shall apply.

      h.      Discovery Disputes.  Del. Bankr. L.R. 9013-1(b) notwithstanding, the parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute following an appropriate meet and confer, the party seeking the relief shall contact chambers to schedule a telephone conference. The Court will attempt to resolve the dispute before the need to engage in motion practice. If the dispute cannot be resolved during the initial teleconference, the Court will set appropriate briefing based upon the issues to be addressed.

3.      Amendment of Discovery Deadlines. Any provision of this Order setting forth a discovery deadline may be amended by mutual agreement of the parties.

4.      Motions to Strike

a.      Any motion to strike any pleading or other document shall **not** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of such a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

5.      Papers Filed Under Seal.  When filing papers under seal, counsel should deliver to Chambers an original and one copy.

6.      Case Dispositive Motions (Including Full or Partial Summary Judgment Motions).

a.      All case dispositive motions, including full or partial summary judgment motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **July 30, 2027.**

b.      Any oppositions to case dispositive motions, including briefs and affidavits, if any, in support of the opposition, shall be served and filed on or before **August 27, 2027.**

c.      Replies in support of case dispositive motions shall be served and filed on

or before **September 24, 2027.**

7.      Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should comply with Del. Bankr. L.R. 7007-1 through 7007-4.

8.      Pretrial Conference. On October 27, 2027, the Court will hold a Final Pretrial Conference with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the Court's form of Final Pretrial Order no later than five (5) business days prior to the Final Pretrial Conference.

9.      Pretrial Briefs.  Except as otherwise agreed upon by the parties and ordered by the Court, the parties may jointly agree to file pretrial briefs not to exceed thirty (30) pages per side. Pretrial briefs shall be filed no later than five (5) business days prior to trial. The Court may also order pretrial briefing.

10.     Trial. The Court will set a trial date for this matter during the Final Pretrial Conference.

11.     Any provision of this Order may be amended by further Order of the Court.


Dated:  April 22, 2026
        Wilmington, Delaware        BRENDAN LINEHAN SHANNON
                                    UNITED STATES BANKRUPTCY JUDGE

6